UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| RAYCHELLE MARIE HARRIS | * | CIVIL ACTION |
| VERSUS | * | NO. 25-2519 |
| MIKE TREGRE, ET AL. | * | SECTION "L" (2) |

**SHOW CAUSE ORDER AND REASONS**

On December 17, 2025, Plaintiff Raychelle Marie Harris filed a Complaint and *Ex Parte*/Consent Motion for Leave to Proceed *in forma pauperis*. ECF Nos. 1, 2.

**I.    APPLICABLE LAW**

A court may authorize the commencement of a civil action without the prepayment of fees or costs "by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor."[1] Whether to permit or deny an applicant to proceed *in forma pauperis* is within the sound discretion of the Court.[2] Courts should make the assessment of a plaintiff's financial ability after considering whether payment of the filing fee would cause an undue financial hardship.[3] This analysis entails a review of plaintiff's income sources and the "demands on [her] financial resources, including whether expenses are discretionary or mandatory."[4]

There exists no absolute right to proceed *in forma pauperis* in federal civil matters, however. Instead, it is a privilege extended to those unable to pay filing fees *when it is apparent*

---

[1] 28 U.S.C. § 1915(a)(1).
[2] *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988); 28 U.S.C. § 1915(a).
[3] *Prows*, 842 F.2d at 140 (citing *Smith v. Martinez*, 706 F.2d 572 (5th Cir. 1983)).
[4] *Id.*

1

*that the claims do not lack merit on their face.*[5] Section 1915(e)(2)(B) grants the Court authority to summarily dismiss *in forma pauperis* complaints if the asserted claims are frivolous or malicious or fail to state a claim upon which relief may be granted.[6] Indeed, the statute specifically mandates that the court "must *sua sponte* dismiss [the case] at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune."[7] This statutory review mandate applies equally to prisoner and non-prisoner *in forma pauperis* cases.[8]

A claim is "frivolous where it lacks an arguable basis either in law or in fact."[9] A claim "lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist."[10] A court may not dismiss a claim simply because the facts are "unlikely."[11] A factually frivolous claim alleges only facts that are "'clearly baseless,' . . . are 'fanciful,' 'fantastic,' and 'delusional' . . . [or] rise to the level of the irrational or wholly incredible, whether or not there are judicially noticeable facts available to contradict them."[12] A complaint fails to state a claim on which relief may be

---

[5] *See Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969); *see also Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996) (noting that the revocation of the privilege of proceeding in forma pauperis is not new), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532 (2015).
[6] *Tam Vo v. St. Charles Par.*, No. 10-4624, 2011 WL 743466, at *1-2 (E.D. La. Feb. 3, 2011), *R & R, Vo v. St. Charles Par.*, NO. 10-4624, 2011 WL 740909 (E.D. La. Feb. 22, 2011).
[7] *Amrhein v. United States*, 740 F. App'x 65, 66 (5th Cir. 2018).
[8] *James v. Richardson*, 344 F. App'x 982, 983 (5th Cir. 2009) ("Section 1915(e)(2)(B) requires dismissal of frivolous IFP actions even if those actions are brought by non-prisoner plaintiffs." (citing *Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002))); *Newsome*, 301 F.3d at 231 (applying § 1915(e)(2)(B) to a non-prisoner whose complaint was frivolous).
[9] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).
[10] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998) (quoting *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997)).
[11] *Moore v. Mabus*, 976 F.2d 268, 270 (5th Cir. 1992) (citing *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992)).
[12] *Id.*

granted when the factual allegations do not rise above a speculative level, with the assumption that all factual allegations in the complaint are true, even if doubtful.[13]

## II. ANALYSIS

Plaintiff's *in forma pauperis* application (ECF No. 2) sets forth sufficient information to enable the Court to determine that she is unable to pay fees in this matter, as required by 28 U.S.C. § 1915. Based upon the information provided, Plaintiff will be permitted to proceed *in forma pauperis* in this proceeding under the provisions of 28 U.S.C. § 1915(a). Although the Court has permitted the plaintiff to proceed *in forma pauperis*, the court must determine whether Plaintiff's complaint satisfies the requirements of the *in forma pauperis* statute. Accordingly, summons will not be issued pending completion of this Court's statutorily-mandated review.

### A. Plaintiff's Claims Cannot Proceed under *Heck* and/or *Wallace*

Plaintiff's Complaint appears to assert a § 1983 claim against St. John the Baptist Parish Sheriff Mike Tregre, the St. John the Baptist Sheriff's Office, three Detectives (Mike Shard, Denis James and Michael D'Amato), the 40th Judicial District Attorney's Office, District Attorney Bridget Dinvaut, and several current or former Assistant District Attorneys (Craig Stewart, Geoffrey Michel, and Eusi Phillips). ECF No. 1 at 2-4. Plaintiff alleges that, on December 15, 2023, a warrant for her arrest was issued without thorough investigation or probable cause, based on which she was arrested. *Id.* at 13. She further alleges that charges were filed against her via Bill of Information, and Defendants publicized the false charges against her. *Id.* Plaintiff does not indicate whether the charges remain pending or were dismissed or whether any conviction based on same was vacated, set aside or otherwise invalidated.

---

[13] *Garrett v. Thaler*, 560 F. App'x 375, 377 (5th Cir. 2014) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a claim under § 1983 is barred if success in the suit would necessarily imply the invalidity of an outstanding criminal conviction or a plaintiff's present confinement.[14] In other words, a claim for damages that would render a conviction or sentence invalid is not cognizable under § 1983 unless the conviction or sentence has been reversed, expunged, declared invalid or called into question by issuance of a writ of habeas corpus.[15] Where a plaintiff has not established that the criminal proceedings have terminated in his favor, any claim for malicious prosecution, a due process claim, a *Brady* violation, or other § 1983 claim challenging the constitutionality of his conviction and sentence is barred pursuant to *Heck*. The *Heck* doctrine applies to civil actions for both monetary and injunctive or other relief.[16]

The Supreme Court has established a modified version of the *Heck* bar in the pretrial context in *Wallace v. Kato*, 549 U.S. 384 (2007). In *Wallace*, the Court explained that, if a pretrial detainee files civil rights claims related to the validity of a pending criminal proceeding, the best practice is for the district court to stay the civil rights action until the pending criminal case is resolved to determine the impact of the *Heck* limitations.[17] The Court explained:

> If a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit.[18]

---

[14] 512 U.S. at 487.
[15] *Id.* at 486-87.
[16] *Clarke v. Stadler*, 154 F.3d 186, 189 (5th Cir. 1998) (citing *Edwards v. Balisok*, 520 U.S. 641 (1997)).
[17] 549 U.S. at 393-94; *see Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995) (per curiam) (finding stay of pretrial § 1983 challenges to an ongoing state criminal proceeding to be the best practice).
[18] *Wallace*, 549 U.S. at 393-94 (citations omitted).

Thus, when a plaintiff's criminal charges remain pending, a determination of whether *Heck* bars a suit is premature. Instead, the court should stay the § 1983 proceedings until the pending criminal case has run its course, as until that time it may be difficult to determine the relation, if any, between the two.[19]

### B. <u>Prosecutorial Immunity</u>

Although *Heck* and *Wallace* would normally compel a stay of premature civil claims intertwined with ongoing state criminal proceedings, when the claims are improper or brought against immune defendants, the Fifth Circuit has held the trial court should initially address dismissal of those claims.[20]

Any claims against St. John the Baptist District Attorney Bridget Dinvaut is equivalent to suit against the parish.[21] "[M]unicipalities cannot be held liable for constitutional torts under § 1983 'on a *respondeat superior* theory,' but they can be held liable 'when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury.'"[22] Thus, to state a non-frivolous claim against a district attorney in an official capacity, the plaintiff must establish that the named defendant is a final parish policymaker and identify the parish policy or custom which allegedly

---

[19] *Mackey*, 47 F.3d at 746; *Wallace*, 549 U.S. at 393-94 (endorsing stay of civil proceedings until completion of criminal action where *Heck* may bar damages claims); *Hopkins v. Ogg*, 783 F. App'x 350, 355 (5th Cir. 2019) ("If a pretrial detainee brings claims that may ultimately be barred by *Heck*, the best practice is for the district court to stay the proceedings until the pending criminal case is resolved.").

[20] *See Busick v. City of Madison*, 90 F. App'x 713, 714 (5th Cir. 2004) (recognizing that the district court should consider grounds for dismissal other than *Heck*); *see also Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994) (per curiam) (recognizing immunity must be considered as a threshold matter prior to applying *Heck*).

[21] *See Connick v. Thompson*, 563 U.S. 51, 59-60 (2011) (a district attorney in Louisiana is a parish official and claims against Orleans Parish District Attorney in an official capacity are addressed under the standards of *Monell*); *Burge v. Par. of St. Tammany*, 187 F.3d 452, 470 (5th Cir. 1999) ("For purposes of 'official capacity' suits under § 1983, the district attorney's office resembles other local government entities."); *cf. Bean v. Pittman*, No. 14-2210, 2015 WL 350284, at *2 (E.D. La. Jan. 26, 2015) (Vance, J. adopting Report and Recommendation of Knowles, M.J.) (official capacity suit against Jefferson Parish sheriff's deputies is suit against the parish through the sheriff's office).

[22] *Burge*, 187 F.3d at 470-71 (quoting *Monell v. Dep't of Soc. Sec. Servs. of City of N.Y.*, 436 U.S. 658, 691, 694 (1978)).

caused the deprivation of his constitutional rights.[23]

Moreover, a "prosecutor enjoys absolute immunity from personal liability for damages under section 1983 for actions 'initiating a prosecution and . . . presenting the State's case' and those 'intimately associated with the judicial phase of the criminal process.'"[24] Furthermore, "[a] prosecutor's absolute immunity will not be stripped because of action that was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction."[25] The prosecutorial immunity also applies during "actions apart from the courtroom."[26]

Prosecutorial immunity would apply to shield four defendants: District Attorney Bridget Dinvaut, and current or former Assistant District Attorneys Craig Stewart, Geoffrey Michel, and Eusi Phillips.

## III. CONCLUSION

Although Plaintiff has sufficiently established her inability to pay fees under 28 U.S.C. § 1915(a)(1)(2), her Complaint appears to be precluded by *Heck* and/or *Wallace*. Even apart from *Heck/Wallace*, however, claims against the prosecutors are barred by prosecutorial immunity, rendering the claims against District Attorney Bridget Dinvaut, and current or former Assistant District Attorneys Craig Stewart, Geoffrey Michel, and Eusi Phillips subject to summary dismissal under § 1915(e)(2).

Accordingly, for the foregoing reasons,

---

[23] *Rinker v. New Orleans Dist. Att'y*, No. 10-0810, 2010 WL 2773236, at *4-5 (E.D. La. June 15, 2010) (citing *Murray v. Town of Mansura*, 76 F. App'x 547, 549 (5th Cir. 2003); *Treece v. Louisiana*, 74 F. App'x 315, 316 (5th Cir. 2003)), *R.&R. adopted*, 2010 WL 2773383 (E.D. La. July 12, 2010).
[24] *Esteves v. Brock*, 106 F.3d 674, 677 (5th Cir. 1997) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430-31(1976)); *accord. Quinn v. Roach*, 326 F. App'x 280, 292 (5th Cir. 2009).
[25] *Kerr v. Lyford*, 171 F.3d 330, 337 (5th Cir. 1999) (internal quotations omitted) (quoting *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978)), *abrogated in part on other grounds by Castellano v. Fragozo*, 352 F.3d 939 (5th Cir. 2003); *Champluvier v. Couch*, 309 F. App'x 902, 903 (5th Cir. 2009).
[26] *Imbler*, 424 U.S. at 431 n.33.

IT IS ORDERED that Plaintiff's *Ex Parte* Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 2) is GRANTED;

IT IS FURTHER ORDERED that the Clerk withhold issuance of summons at this time pending completion of the statutorily mandated review;

IT IS FURTHER ORDERED that, for the reasons set forth above, on or before **Wednesday, February 4, 2026**, Plaintiff Raychelle Marie Harris **show cause** why her Complaint should not be stayed under *Wallace* or summarily dismissed with prejudice to being asserted again until the conditions in *Heck* are met; or summarily dismissed as frivolous and/or failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2);

IT IS FURTHER ORDERED that, in response to this show cause order, Plaintiff shall file a response containing **a written statement** of her position setting forth the status of the criminal charges referenced in her complaint and the specific facts supporting her cause(s) of action against each named defendant. **PLAINTIFF'S FAILURE TO RESPOND IN WRITING AS DIRECTED HEREIN MAY RESULT IN THE DISMISSAL OF HER COMPLAINT.**

IT IS FURTHER ORDERED that there will be no oral hearing on February 4, 2026, and the matter will be deemed under advisement on the briefs on that date.

New Orleans, Louisiana, this __30th__ day of December, 2025.

_____
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

7