UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| RAYCHELLE MARIE HARRIS | * | CIVIL ACTION |
| VERSUS | * | NO. 25-2519 |
| MIKE TREGRE, ET AL. | * | SECTION "L" (2) |

**REPORT AND RECOMMENDATION**

Plaintiff Raychelle Marie Harris filed a complaint and *Ex Parte* Motion for Leave to Proceed *in forma pauperis* on December 30, 2025.  ECF Nos. 1, 2.  The Court granted the motion but ordered that summons not be issued until completion of the statutorily mandated review in accordance with the duties imposed by 28 U.S.C. § 1915(a) and (e)(2)(B).  ECF No. 3.  The Court also ordered Plaintiff to file a written response setting forth the specific facts upon which she bases his claims, with a deadline of Wednesday, February 4, 2026.  *Id.* at 7.  The Order further advised Plaintiff that her failure to respond in writing as directed may result in dismissal of her complaint.  *Id.*  Plaintiff did not file a response.

I.    **PLAINTIFF'S CLAIMS**

Plaintiff asserts claims under 42 U.S.C. § 1983 against the St. John the Baptist Parish Sheriff's Office, the Sheriff Mike Tregre, and his Detectives Michael Shard, Denis James, and Michael D'Amato; St. John the Baptist Parish District Attorney's Office, the District Attorney Bridget Dinvaut, and Assistant District Attorney Eusi Phillips; and former Assistant District Attorneys Craig Stewart and Geoffrey Michel of Terrebonne Parish and Orleans Parish, respectively.  ECF No. 1 § I(B).

Plaintiff alleges:

> On December 15, 2023, Saint John the Baptist Parish Sheriff Department filed warrant for Raychelle Harris' arrest without thorough investigations, no probable cause, publicized false allegations about Raychelle Harris and Harris

1

> Legal Support Services, LLC. On December 18, 2023, Saint John the Baptist Parish Sheriff Department wrongfully arrested Raychelle Harris at Harris Legal Support Services, LLC office. On December 20, 2023, Saint John the Baptist Parish Sheriff Department publicized false allegations about Raychelle Harris and Harris Legal Support Services, LLC. In February 2024, 40th JDC District Attorney Office filed bill of information and accepted chargers against Raychelle Harris.

*Id.* § III.  Plaintiff does not indicate whether the charges remain pending or were dismissed or whether any conviction based on same was vacated, set aside or otherwise invalidated.

## II.    APPLICABLE LAW

### A.  Statutorily Mandated Review

Section 1915(e)(2)(B) grants the court authority to summarily dismiss *in forma pauperis* complaints if the asserted claims are frivolous or malicious or fail to state a claim upon which relief may be granted.[1]  Indeed, the statute specifically mandates that the court "*sua sponte* dismiss [the case] at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune."[2] This review mandate applies to both prisoner and non-prisoner *in forma pauperis* cases.[3]

A claim is "frivolous where it lacks an arguable basis either in law or in fact."[4]  A claim "lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist."[5]  A court may not dismiss a claim simply because the facts are "unlikely."[6]  A factually frivolous claim alleges only facts that are "'clearly baseless,' . . . are 'fanciful,' 'fantastic,' and 'delusional' . . . [or] rise

---

[1] *Tam Vo v. St. Charles Par.*, No. 10-4624, 2011 WL 743466, at *1-2 (E.D. La. Feb. 3, 2011), *R.&R. adopted sub nom. Vo v. St. Charles Par.*, No. 10-4264, 2011 WL 740909 (E.D. La. Feb. 22, 2011).

[2] *Amrhein v. United States*, 740 F. App'x 65, 66 (5th Cir. 2018) (emphasis added) (citing 28 U.S.C. § 1915(e)(2)(B)).

[3] *James v. Richardson*, 344 F. App'x 982, 983 (5th Cir. 2009) ("Section 1915(e)(2)(B) requires dismissal of frivolous IFP actions even if those actions are brought by non-prisoner plaintiffs."); *see also Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002) (applying § 1915(e)(2)(B) to a non-prisoner whose complaint was frivolous).

[4] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

[5] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998) (quoting *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997)).

[6] *Moore v. Mabus*, 976 F.2d 268, 270 (5th Cir. 1992) (citing *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992)).

to the level of the irrational or wholly incredible, whether or not there are judicially noticeable facts available to contradict them."[7]

A complaint fails to state a claim on which relief may be granted when the factual allegations do not rise above a speculative level, with the assumption that all factual allegations in the complaint are true, even if doubtful.[8] The Supreme Court clarified the standard for a Rule 12(b)(6) motion in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). To avoid dismissal, a complaint must contain sufficient factual matter to state a claim to relief that is *plausible* on its face (i.e., the factual allegations must "be enough to raise a right to relief above the speculative level").[9] If the "facts" alleged are "merely consistent" with those minimally required to establish liability, the complaint "stops short of the line between possibility and plausibility."[10] "Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim."[11]

Although the court must accept all well-pleaded facts as true and consider the complaint in the light most favorable to the plaintiff, the court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions."[12] The court may consider not only the allegations but also any documents attached to the complaint, referenced documents that are central to the claim, and documents that are part of the public record or subject to judicial notice.[13]

---

[7] *Id.* (quoting *Denton*, 504 U.S. at 32-33).

[8] *Garrett v. Thaler*, 560 F. App'x 375, 377 (5th Cir. 2014) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

[9] *Twombly*, 550 U.S. at 555, 570.

[10] *Iqbal*, 556 U.S. at 678.

[11] *Roy v. Cobb*, No. 20-0167, 2020 WL 2045791, at *2 (W.D. La. April 7, 2020) (citing *Twombly*, 550 U.S. at 556).

[12] *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (citation omitted); *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (citation omitted); *see also SGK Props., L.L.C. v. U.S. Bank Nat'l Ass'n for Lehman Bros. Small Balance Com. Mortg. Pass-Through Certificates, Series 2007-3*, 881 F.3d 933, 943–44 (5th Cir. 2018) (holding conclusory fraud allegations that the defendant intended plaintiff to act upon representations and plaintiff acted in reliance on representations insufficient to withstand Rule 12(b)(6) challenge).

[13] *See, e.g., Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007) (directing courts to "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take

In comparing a dismissal for failure to state a claim under 28 U.S.C. § 1915(e) and Rule 12(b)(6), the Supreme Court in *Neitzke v. Williams*, 490 U.S. 319 (1989), held that a claim that is dismissed under one rule does not "invariably fall afoul" of the other.[14] If an *in forma pauperis* complaint lacks even an arguable basis in law, dismissal is appropriate under both Rule 12(b)(6) and § 1915(e).[15] "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal under Rule 12(b)(6) is appropriate; however, dismissal under [§ 1915(e)'s] frivolousness standard is not."[16]

## B. Required Elements of a § 1983 Claim

Section 1983 creates a damages remedy for the violation of federal constitutional or statutory rights under color of state law:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any . . . person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .[17]

"The purpose of § 1983 is to deter state actors from using their badge of authority to deprive individuals of federally guaranteed rights and to provide relief to victims if such deterrence fails."[18]

Generally, a plaintiff must satisfy three elements to establish § 1983 liability:

(1)     deprivation of a right secured by the U.S. Constitution or federal law;
(2)     that occurred under color of state law; and
(3)     was caused by a state actor.[19]

---

judicial notice."); *Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (stating that a court may rely on the complaint, its proper attachments, documents incorporated by reference, and matters of judicial notice).

[14] *Moore*, 976 F.2d at 269 (quoting *Neitzke*, 490 U.S. at 326) (citing 28 U.S.C. § 1915(d)) (current version at 28 U.S.C. § 1915(e)).

[15] *Id*.

[16] *Id*.

[17] 42 U.S.C. § 1983.

[18] *Wyatt v. Cole*, 504 U.S. 158, 161 (1992) (citing *Carey v. Piphus*, 435 U.S. 247, 254-57 (1978)).

[19] *Victoria W. v. Larpenter*, 369 F.3d 475, 482 (5th Cir. 2004) (citation omitted).

Because § 1983 merely provides a remedy for designated rights, rather than creating any substantive rights, "an underlying constitutional or statutory violation is a predicate to liability."[20] This requires the plaintiff to identify both the constitutional violation and the responsible person acting under color of state law.[21] Plaintiff must specify the personal involvement of each defendant in a cause of action under § 1983.[22] A plaintiff cannot make generalized allegations, nor can he support a claim based on any vicarious liability theory.[23] There must be an affirmative link between the incident and some act by the defendant.[24]

## C. **Availability of Amendment**

Although frivolous claims may be dismissed with prejudice,[25] before doing so, the Court should allow the *pro se* Plaintiff the opportunity to state his best case:

> Under Rule 12(b)(6), a plaintiff with an arguable claim is ordinarily accorded notice of a pending motion to dismiss for failure to state a claim and an opportunity to amend the complaint before the motion is ruled upon. These procedures alert him to the legal theory underlying the defendant's challenge, and enable him meaningfully to respond by opposing the motion to dismiss on legal grounds or by clarifying his factual allegations so as to conform with the requirements of a valid legal cause of action.[26]

Thus, the court should generally allow an opportunity to amend before dismissing an action for failure to state a claim.[27] Indeed, unless it is clear that a plaintiff is unwilling or unable to amend in a manner that will avoid dismissal, the court errs in not providing a *pro se* plaintiff with at least one opportunity to cure pleading deficiencies before dismissing.[28] When, however, the "complaint

---

[20] *Harrington v. Harris*, 118 F.3d 359, 365 (5th Cir. 1997) (citation omitted).

[21] *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978).

[22] *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983).

[23] *Howard v. Fortenberry*, 723 F.2d 1206 (5th Cir. 1984).

[24] *Rizzo v. Goods*, 423 U.S. 362, 371-72 (1976).

[25] *See Marts v. Hines*, 117 F.3d 1504, 1506 (5th Cir. 1997) (en banc).

[26] *Neitzke*, 490 U.S. at 329-30.

[27] *See, e.g.*, *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000) (citation omitted); *see also* FED. R. CIV. P. 15(a)(2); *F.D.I.C. v. Conner*, 20 F.3d 1376, 1385 (5th Cir. 1994) (noting that Rule 15(a) "evinces a strong bias in favor of granting . . . leave to amend a pleading").

[28] *Dierlam v. Trump*, 977 F.3d 471, 478 n.44 (5th Cir. 2020) (quoting *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)); *see also Hale v. King*, 642 F.3d 492, 503 (5th Cir. 2011) (cleaned up); *Brown v. Brown*, 842 F. App'x 948, 949 (5th Cir. 2021) ("Generally a district court errs in dismissing a *pro se*

alleges the plaintiff's best case," a further factual statement from the plaintiff need not be allowed.[29]

## III.    ANALYSIS

### A.    Plaintiff's Claims Cannot Proceed under *Heck* and/or *Wallace*

As the Court previously explained,[30] in *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a claim under § 1983 is barred if success in the suit would necessarily imply the invalidity of an outstanding criminal conviction or a plaintiff's present confinement.[31] In other words, a claim for damages that would render a conviction or sentence invalid is not cognizable under § 1983 unless the conviction or sentence has been reversed, expunged, declared invalid or called into question by issuance of a writ of habeas corpus.[32] This is the "favorable-termination" requirement.[33]   Where a plaintiff has not established that the criminal proceedings have terminated in her favor, any claim for malicious prosecution, a due process claim, a *Brady* violation, or other § 1983 claim challenging the constitutionality of her conviction and sentence is barred pursuant to *Heck* and should be dismissed with prejudice until the conditions of *Heck* are met.[34]

The Supreme Court has established a modified version of the *Heck* bar in the pretrial context in *Wallace v. Kato*, 549 U.S. 384 (2007).  In *Wallace*, the Court explained that, if a plaintiff files civil rights claims related to the validity of a pending criminal proceeding, the best practice

---

complaint for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend." (quoting *Mendoza-Tarango v. Flores*, 982 F.3d 395, 402 (5th Cir. 2020) (cleaned up))).

[29] *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999) (citation omitted).

[30] *See* ECF No. 3 at 4-5.

[31] 512 U.S. at 487.

[32] *Id.* at 486-87.

[33] *Johnson v. Thibodaux City*, 887 F.3d 726, 732 (5th Cir. 2018).

[34] *See Cook v. City of Tyler*, 974 F.3d 537, 539 (5th Cir. 2020) (per curiam) (upholding dismissals with prejudice of claims barred by *Heck* described in accordance with *Johnson v. McElveen*, 101 F.3d 423 (5th Cir. 1996)).

is for the district court to stay the claims until the pending criminal case is resolved to determine the impact of the *Heck* limitations.[35]  The Court explained:

> If a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit.[36]

Thus, when a plaintiff's criminal charges remain pending, a determination of whether *Heck* bars a suit is premature.  Instead, the court should stay the § 1983 proceedings until the pending criminal case has run its course, as until that time it may be difficult to determine the relation, if any, between the two.[37]

Plaintiff's only basis for her claims is § 1983.  ECF No. 1 § II(A).  Considering her brief allegations and requested relief, Plaintiff is asserting "malicious"/false arrest, defamation, and malicious prosecution claims.  *Id.* §§ III, IV.[38]  Plaintiff does not, however, indicate whether any charges remain pending or were dismissed, nor does she indicate whether any conviction based on same was vacated, set aside or otherwise invalidated.  Without any allegation of a favorable termination of a conviction or sentence, Plaintiff's malicious prosecution claim is barred by

---

[35] 549 U.S. at 393-94; *see Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995) (per curiam) (finding stay of pretrial § 1983 challenges to an ongoing state criminal proceeding to be the best practice).

[36] *Wallace*, 549 U.S. at 393-94 (citations omitted).

[37] *Mackey*, 47 F.3d at 746; *Wallace*, 549 U.S. at 393-94 (endorsing stay of civil proceedings until completion of criminal action where *Heck* may bar damages claims); *Hopkins v. Ogg*, 783 F. App'x 350, 355 (5th Cir. 2019) ("If a pretrial detainee brings claims that may ultimately be barred by *Heck*, the best practice is for the district court to stay the proceedings until the pending criminal case is resolved.").

[38] *See Evans v. Ball*, 168 F.3d 856, 862 n.9 (5th Cir. 1999) ("We construe [plaintiff]'s claim of a 'prosecution unsupported by probable cause' as a claim of malicious prosecution, because a prosecution that is unsupported by probable cause but does not rise to the level of malicious prosecution is not a clearly established constitutional violation."), *overruled in part on other grounds*, *Castellano v. Fragozo*, 352 F.3d 939, 948–49 & n.36 (5th Cir. 2003).

*Heck.*[39]  Even if Plaintiff is only awaiting trial in state court, the claim still cannot proceed and must be stayed in accordance with *Wallace*.

Although a malicious/false arrest claim "does not necessarily implicate the validity of a criminal prosecution following the arrest,"[40] Plaintiff's claim does.  While Plaintiff's Complaint does not make clear what charges were filed against her, if there were probable cause for any of them, then her claim fails.[41]  Thus, she must allege that there was no probable cause to arrest her for the charges to establish her false arrest claim, thereby implying the invalidity of a conviction and implicating *Heck*.[42]  Again, because it is unclear whether Plaintiff is only awaiting trial, this claim too should be stayed in accordance with *Wallace*.

As to the defamation claim, "damage to an individual's reputation as a result of defamatory statements made by a state actor, accompanied by an infringement of some other interest, is actionable under § 1983."[43]  This is known as the "stigma-plus-infringement" test.[44]  The necessary stigma consists of "concrete, false factual assertions"; infringement occurs if the state "sought to remove or significantly alter a life, liberty, or property interest recognized and protected by state law" or the federal constitution as incorporated against the states.[45]

---

[39] *See, e.g.*, *Nicolais v. Cheramie*, No. 23-7094, 2025 WL 1231868, at *2 (E.D. La. Apr. 8, 2025) (citing *Lavergne v. Harson*, 583 F. App'x 361, 362 (5th Cir. 2014); *Cormier v. Lafayette City-Parish Consol. Gov't*, 493 F. App'x 578, 583 (5th Cir. 2012)), *R.&R. adopted*, 2025 WL 1220819 (E.D. La. Apr. 28, 2025).

[40] *Mackey*, 47 F.3d at 746 (citing cases).

[41] *Cf. Arnold v. Williams*, 979 F.3d 262, 269 (5th Cir. 2020) ("[T]o state a § 1983 claim for false arrest/false imprisonment, Arnold must plausibly allege that Williams 'did not have probable cause to arrest him.'" (quoting *Haggerty v. Tex. S. Univ.*, 391 F.3d 653, 655 (5th Cir. 2004))).

[42] *See Wells v. Bonner*, 45 F.3d 90, 95 (5th Cir. 1995); *see also Cormier v. Lafayette City-Par. Consol. Gov't*, 493 F. App'x 578, 583 (5th Cir. 2012) ("We have specifically noted that false-arrest and malicious-prosecution claims challenge the existence of probable cause and, thus, by their essence are collateral attacks on a criminal judgment's validity.  Such attacks run afoul of *Heck*'s 'policy of finality.'" (citations omitted)).

[43] *Texas v. Thompson*, 70 F.3d 390, 392 (5th Cir. 1995) (per curiam) (citing *Paul v. Davis*, 424 U.S. 693, 710-12 (1976)).

[44] *Id.* (citing *San Jacinto Sav. & Loan v. Kacal,* 928 F.2d 697, 701 (5th Cir. 1991)).

[45] *Tebo v. Tebo*, 550 F.3d 492, 503 (5th Cir. 2008) (quoting *Thompson*, 70 F.3d at 392).

Plaintiff's defamation claim against the St. John the Baptist Sheriff's Office appears to be based on the alleged "false allegations" that support her arrest and charges. ECF No. 1 § III. To establish the stigma, Plaintiff would have to demonstrate the allegations were false, which could necessarily imply the invalidity of a conviction on those charges; in other words, the claim is barred by *Heck*.[46] Moreover, because the false arrest is the predicate infringement for the defamation claim and it is already barred by *Heck*, so goes the defamation claim.[47] Staying Plaintiff's defamation claim is also proper in accordance with *Wallace*.[48]

**B. Grounds for Early Dismissal**

Although *Heck* and *Wallace* would normally compel a stay of premature civil claims intertwined with ongoing state criminal proceedings, a stay does not preclude the Court from screening "claims against certain party-defendants on other grounds apparent in the record."[49] For the defendant individuals, Plaintiff does not indicate whether she is pursuing her claims against them in their respective official or individual capacity, so the Court will address both avenues.[50]

1. Improper Defendants

Federal Rule of Civil Procedure 17 provides in pertinent part that the "capacity to sue or be sued is determined . . . by the law of the state where the court is located." FED. R. CIV. P. 17(b)(3). Article 24 of the Louisiana Civil Code states there are two kinds of persons that are

---

[46] *Bell v. Police Dep't City of Shreveport*, No. 18-964, 2018 WL 4926342, at *2 (W.D. La. Sept. 19, 2018) (citing *Price v. Cnty. Ct. Clerk of Hill Cnty. Tex.*, 73 F. App'x 80 (5th Cir. 2003)), *R.&R. adopted*, 2018 WL 4924019 (W.D. La. Oct. 9, 2018).

[47] *Id.* at *3 ("If Plaintiff is convicted of attempted murder, *Heck* would foreclose using false arrest as the predicate infringement for his defamation claim." (citing *Cormier*, 493 F. App'x at 584 ("Cormier cannot satisfy this 'stigma-plus-infringement' requirement, however, because applying *Heck* precludes using false arrest and malicious prosecution as predicate infringement claims."))).

[48] *Id.* at *4 (staying defamation claim (citing *Wallace*, 549 U.S. at 393-94 ("If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim *related to* rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court ... to stay the civil action until the criminal case ... is ended.") (emphasis supplied))).

[49] *Busick v. City of Madison*, 90 F. App'x 713, 714 (5th Cir. 2004) (recognizing that the district court should consider grounds for dismissal other than *Heck* (citing *Sojourner T v. Edwards*, 974 F.2d 27, 30 (5th Cir. 1992)).

[50] *Garrett v. Stephens*, 675 F. App'x 444, 447 (5th Cir. 2017)

capable of being sued, natural persons and juridical persons. A "juridical person is an entity to which the law attributes personality . . . ." LA. CIV. CODE art. 24.

Louisiana law affords legal status to Louisiana sheriffs, not their offices.[51] Thus, while a plaintiff may file suit against a Louisiana sheriff, that sheriff's office is not a proper party.[52] This same principle applies to Louisiana district attorneys and their offices; a Louisiana district attorney may be sued but not her office because her office lacks the capacity to be sued and thus is not a proper party.[53] Accordingly, Plaintiff's claims against the St. John the Baptist Sheriff's Office and District Attorney's Office in general are legally frivolous and thus should dismissed with prejudice and without leave to amend.[54]

2. Duplicative Claims

A suit brought against a defendant in his official capacity is, effectively, a suit against the governmental entity that employs the defendant.[55] "[W]here a plaintiff brings claims against both a public official, such as a law enforcement officer, in his official capacity and the public entity for which he works, the claims 'essentially merge,'"[56] making the former claims redundant and

---

[51] *Cozzo v. Tangipahoa Par. Council—President Gov't*, 279 F.3d 273, 283 (5th Cir. 2002) (citing *Porche v. Saint Tammany Par. Sheriff's Off.*, 67 F. Supp. 2d 631, 635 (E.D. La. 1999)).

[52] *Edminston v. La. Small Bus. Dev. Ctr.*, 931 F.3d 403, 407 (5th Cir. 2019) ("Louisiana sheriffs are juridical entities that can be sued, but Louisiana sheriff's offices are not.").

[53] *See Armstrong v. Ashley*, 60 F.4th 262, 268 n.4 (5th Cir. 2023) ("'Louisiana law does not permit a district attorney's office to be sued in its own name.' Thus, when attempting to sue a Louisiana DA's office under *Monell*, the current DA, rather than the office, is the proper defendant." (quoting *Hudson v. City of New Orleans*, 174 F.3d 677, 680 (5th Cir. 1999))); *accord. Delta Fuel Co. v. Maxwell*, 485 F. App'x 685, 686 (5th Cir. 2012) (affirming dismissal of § 1983 claim against Louisiana district attorney's office based on the office not having the capacity to be sued under Louisiana law).

[54] *See Pittman v. Campbell*, No. 24-2168, 2025 WL 358922, at *4 (E.D. La. Jan. 31, 2025) (Africk, J.) (finding claims brought against state courts frivolous under § 1915(e)(2) because the court lack the capacity to be sued); *Graves v. Hampton*, 1 F.3d 315, 319 (5th Cir. 1993) (holding that dismissal with prejudice without leave to amend is proper when claims are legally frivolous or subject to an obvious meritorious defense), *overruled in part on other grounds*, *Arvie v. Broussard*, 42 F.3d 249 (5th Cir. 1994)

[55] *Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. 658, 690 n.55 (1978).

[56] *Frericks v. Rockwall County.*, No. 25-2148, 2025 WL 2858904, at *3 (N.D. Tex. Sept. 4, 2025) (quoting *Turner v. Houma Mun. Fire & Police Civil Serv. Bd.*, 229 F.3d 478, 485 (5th Cir. 2000)).

thus dismissal proper.[57]

Accordingly, Plaintiff's official capacity claims against Detectives Shard, James, and D'Amato should be dismissed because they are duplicative of the official capacity claim against Sheriff Tregre.  Plaintiff's official capacity claim against Assistant District Attorney Phillips should also be dismissed because it is duplicative of the official capacity claim against District Attorney Dinvaut.  The claims should be dismissed with prejudice and without leave to amend.[58]

### 3.  Lack of Necessary Factual Specificity

Plaintiff asserts § 1983 claims against former Assistant District Attorneys Stewart and Michel of Terrebonne Parish and Orleans Parish, respectively.  However, there are no allegations of personal involvement of these individuals nor the respective district attorney's office that employed them.  In the absence of any alleged personal involvement, Plaintiff fails to state a claim, which requires dismissal.[59]

### 4.  Prosecutorial Immunity

A "prosecutor enjoys absolute immunity from personal liability for damages under section

---

[57] *Carpenter v. Webre*, No. 17-808, 2018 WL 1453201, at *6 (E.D. La. Mar. 23, 2018) (Morgan, J.) (citing *Castro Romero v. Becken*, 256 F.3d 349, 355 (5th Cir. 2001)) (dismissing official capacity claim against deputy as it was duplicative of official capacity claim against the sheriff); *Quatrevingt v. Landry*, No. 19-1171, 2019 WL 4112051, at *5 n.52 (E.D. La. Aug. 29, 2019) (Milazzo, J.) (noting official capacity claims against deputies would be dismissed as duplicative of official capacity claim against the Sheriff of St. Tammany Parish (citing *Castro Romero*, 256 F.3d at 355)); *see also Frericks*, 2025 WL 2858904, at *3 (citing *Flores v. Cameron Cnty.*, 92 F.3d 258, 261 (5th Cir. 1996) (where the district court had dismissed claims against county commissioners in their official capacities "because those claims were duplicative of the claims against the County")).

[58] *See Notariano v. Tangipahoa Par. Sch. Bd.*, 266 F. Supp. 3d 919, 928 (E.D. La. 2017) (Milazzo, J.) (dismissing duplicative claims with prejudice); *Breaux v. Assumption Par. Sch. Bd.*, No. 21-1405, 2021 WL 5579789, at *3 (E.D. La. Nov. 30, 2021) (Ashe, J.) (same); *Hankins v. Wheeler*, No. 21-1129, 2022 WL 2208848, at *10 (E.D. La. June 21, 2022) (Fallon, J.) (same).

[59] *See Moore v. Texas*, No. 11-749, 2011 WL 6968294, at *4 (N.D. Tex. Dec. 4, 2011) (Ramirez, M.J.) (finding claim against sheriff should be dismissed as frivolous because plaintiff made no allegation of personal involvement by the sheriff for his claim of an excessive bond), *R.&R. adopted*, 2012 WL 75744 (N.D. Tex. Jan. 10, 2012); *Greer v. Fowler*, No. 19-1017, 2020 WL 2745544, at *2 (N.D. Tex. May 27, 2020) (dismissing claim against sheriff as frivolous because plaintiff alleged no personal involvement); *Walton v. Valdez*, No. 08-2166, 2009 WL 89666, at *2 (N.D. Tex. Jan. 9, 2009) (same), *appeal dismissed*, 340 F. App'x 954 (5th Cir. 2009); *Harvard v. Rankin Cnty.*, No. 20-128, 2022 WL 1256664, at *2 (S.D. Miss. Apr. 27, 2022) (dismissing claims as frivolous for failure to make specific allegations against certain defendants).

1983 for actions 'initiating a prosecution and . . . presenting the State's case' and those 'intimately associated with the judicial phase of the criminal process.'"[60]  Furthermore, "[a] prosecutor's absolute immunity will not be stripped because of action that was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction."[61]  The prosecutorial immunity also applies during "actions apart from the courtroom."[62]

As to the individual capacity claims against District Attorney Dinvaut and Assistant District Attorney Phillips,[63] and setting aside Plaintiff's failure to allege either defendant's personal involvement in the events underlying her claims, Plaintiff's § 1983 claims against them are barred by absolute prosecutorial immunity.  Construing the St. John the Baptist Parish District Attorney's Office as either defendant, Plaintiff appears to have alleged, at most, the defendant has filed a bill of information against her based on a wrongful arrest and false allegations unbeknownst to that defendant.  Regardless, absolute immunity is not stripped from a prosecutor because of error.  Thus, the § 1983 claims against individual capacity claims against District Attorney Dinvaut and Assistant District Attorney Phillips should be dismissed with prejudice and without leave to amend for seeking monetary relief against defendants immune from such relief.[64]

---

[60] *Esteves v. Brock*, 106 F.3d 674, 677 (5th Cir. 1997) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430-31(1976)); *accord. Quinn v. Roach*, 326 F. App'x 280, 292 (5th Cir. 2009).

[61] *Kerr v. Lyford*, 171 F.3d 330, 337 & n.10 (5th Cir. 1999) (internal quotations omitted) (quoting *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978)), *abrogated in part on other grounds by Castellano v. Fragozo*, 352 F.3d 939 (5th Cir. 2003); *Champluvier v. Couch*, 309 F. App'x 902, 903 (5th Cir. 2009).

[62] *Imbler*, 424 U.S. at 431 n.33.

[63] *See Laird v. Spencer*, No. 20-30237, 2025 WL 79826, at *2 (5th Cir. Jan. 13, 2025) (noting the Fifth Circuit "has held that absolute immunities are personal defenses inapplicable to official-capacity actions" in the context of § 1983 actions (citing *Turner*, 229 F.3d at 483 (explaining that "defenses such as absolute quasi-judicial immunity, that only protect defendants in their individual capacities, are unavailable in official-capacity [§ 1983] suits"); *Johnson v. Kegans*, 870 F.2d 992, 998 n.5 (5th Cir. 1989) ("[Absolute i]mmunity does not bar suits against defendants in their official capacities."))).

[64] *See Hunter v. Rodriguez*, 73 F. App'x 768, 770 (5th Cir. 2003) ("A dismissal of a claim for damages based on absolute immunity . . . is a dismissal with prejudice." (citing *Boyd v. Biggers*, 31 F.3d 279, 283-84, 285 (5th Cir. 1994))).

12

IV.    **CONCLUSION**

On the face of the complaint, Plaintiff's claims are subject to *Heck* and/or *Wallace*, with certain claims subject to immediate dismissed apart from *Heck/Wallace*.

**RECOMMENDATIONS**

**IT IS RECOMMENDED** that Plaintiff Raychelle Marie Harris's § 1983 claims against the St. John the Baptist Sheriff's Office and District Attorney's Office be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e), as frivolous and for failure to state a claim upon which relief can be granted.

**IT IS FURTHER RECOMMENDED** Plaintiff's § 1983 official capacity claims against Detectives Michael Shard, Denis James, and Michael D'Amato and Assistant District Attorney Eusi Phillips be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e), as duplicative.

**IT IS FURTHER RECOMMENDED** Plaintiff's claims against former Assistant District Attorneys Craig Stewart and Geoffrey Michel be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e) as frivolous and for failure to state a claim for which relief can be granted.

**IT IS FURTHER RECOMMENDED** Plaintiff's individual capacity claims against District Attorney Bridget Dinvaut and Assistant District Attorney Eusi Phillips be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e) for seeking relief against immune defendants.

**IT IS FURTHER RECOMMENDED** that Plaintiff's claims against Sheriff Mike Tregre; individual capacity claims against Detectives Shard, James, and D'Amato; and official capacity claim against District Attorney Bridget Dinvaut be **DISMISSED WITH PREJUDICE** pursuant to *Heck* if the charges have resulted in a conviction until the conditions of *Heck* are met, or

13

alternatively, if the claims remain pending, **STAYED** and the case **ADMINISTRATIVELY CLOSED** for statistical purposes pursuant to *Wallace*.  If stayed and Plaintiff thereafter intends to proceed with the claims, she must file a motion to lift the stay within 30 days after the date that the criminal proceedings terminate in her favor by either an acquittal or a failure to convict.  If the stay is lifted and the Court finds that Plaintiff's claims would impugn the validity of his conviction, the action will be dismissed under *Heck*; if no such finding is made, the action will proceed, absent some other bar to suit.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[65]

Dated this ___1st___ day of April, 2026.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[65] *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)). *Douglass* referred to the previously applicable ten-day period for filing of objections, which was extended to fourteen days by amendment effective December 1, 2009, 28 U.S.C. § 636(b)(1).