UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

RAYCHELLE MARIE HARRIS                                      CIVIL ACTION

VERSUS                                                      NO. 25-2519

MIKE TREGRE, ET AL.                                         SECTION "L" (2)

### ORDER ADOPTING REPORT AND RECOMMENDATION

The Court, having considered the record, the applicable law, the Report and Recommendation of the United States Magistrate Judge, R. Doc. 5, and the failure of any party to file an objection to the Magistrate Judge's Report and Recommendation, hereby approves the Report and Recommendation of the United States Magistrate Judge and adopts it as its opinion in this Matter.

Accordingly;

**IT IS ORDERED** that Plaintiff Raychelle Marie Harris's § 1983 claims against the St. John the Baptist Sheriff's Office and District Attorney's Office are **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e), as frivolous and for failure to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that Plaintiff's § 1983 official capacity claims against Detectives Michael Shard, Denis James, and Michael D'Amato and Assistant District Attorney Eusi Phillips are **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e), as duplicative.

1

**IT IS FURTHER ORDERED** that Plaintiff's claims against former Assistant District Attorneys Craig Stewart and Geoffrey Michel are **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e) as frivolous and for failure to state a claim for which relief can be granted.

**IT IS FURTHER ORDERED** that Plaintiff's individual capacity claims against District Attorney Bridget Dinvaut and Assistant District Attorney Eusi Phillips are **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e) for seeking relief against immune defendants.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Sheriff Mike Tregre; individual capacity claims against Detectives Shard, James, and D'Amato; and official capacity claim against District Attorney Bridget Dinvaut are hereby **STAYED** and **ADMINISTRATIVELY CLOSED** pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), and Wallace v. Kato, 549 U.S. 384 (2007). Plaintiff may move to reopen this case within thirty (30) days of the final adjudication of any pending criminal charges related to this action. If no such criminal charges remain pending, Plaintiff may move to reopen this case within thirty (30) days of this order.

New Orleans, Louisiana, this 22nd day of April, 2026.

_____

United States District Judge